JASON E. RIOS, State Bar No. 190086
NICHOLAS L. KOHLMEYER, State Bar No. 299087
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Fax: (916) 329-7435
jrios@ffwplaw.com
nkohlmeyer@ffwplaw.com

Attorneys for Pender Capital Asset Based Lending
Fund I, LP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>THEOS FEDRO HOLDINGS, LLC<br><br>Debtor. | Case No. 21-30202<br><br>Chapter 11<br><br>Date: March 16, 2022<br>Time: 10:30 a.m.<br>Place: AT&T Connect Teleconference or Zoom Video Conference<br><br>Judge: Honorable Dennis Montali |

**PENDER CAPITAL ASSET BASED LENDING FUND I, LP'S OBJECTIONS TO TRUSTEE'S [PROPOSED] ORDER ON TRUSTEE'S MOTION (1) TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS; (II) TO PAY REAL ESTATE COMMISSION AND VOLUNTARY DEEDS OF TRUST, IF UNDISPUTED, AND CLOSING COSTS OUT OF ESCROW; AND (III) TO PAY SPECIFIED OTHER ENCUMBRANCES (819 ELLIS STREET, SAN FRANCISCO, CA 94109**

Pender Capital Asset Based Lending Fund I, LP ("Pender Capital"), a secured creditor and party in interest, hereby objects to the Trustee's [Proposed] Order on Trustee's Motion to Sell Real Property Free and Clear of Liens, as follows. Pender has met and conferred with the Trustee's counsel regarding the objections and the Trustee's counsel has refused to modify the Proposed Order in any respect. Therefore, Pender Capital asks the Court to make these modifications to conform the Proposed Order to the Court's rulings and the requirements of the Bankruptcy Code.

**Proposed Order Paragraph 7 states**: "The Trustee is authorized to pay any undisputed liens/encumbrances from escrow."

**Pender Capital's Objection**: This provision should be struck or modified. It does not specify who has the power to declare a lien or encumbrance "undisputed" and qualified for payment and appears to give the Trustee the unilateral right to so decide whether a lien is undisputed and may be paid. As set forth in Pender Capital's Opposition to the Sale motion, and as acknowledged at the hearing, there is a priority dispute between Pender and the Department of Labor and any other liens or encumbrances asserting priority over Pender, with the exception of Wells Fargo and the Code Enforcement (Paragraph 11). This Paragraph 7 is not necessary for payment of Wells Fargo and the Code Enforcement liens as payment of those liens and encumbrances are specifically authorized by Paragraphs 10 and 11, respectively. Therefore, this provision applies to other unspecified liens. Pender Capital asserts that it has priority over any other such claims. Bankruptcy Code Section 363(e) requires, and the Court ruled at the hearing, that the net proceeds of the sale would be held pending resolution of the priority dispute. Therefore, Pender requests this this provision be struck from the Order or modified to clarify that the determination that a lien or encumbrance is undisputed and qualified for payment be conditioned on both Pender Capital and the Department of Labor stipulating to the payment.

**Proposed Order Paragraph 12 states in the opening paragraph:**

The Trustee is authorized to sell the Property under Bankruptcy Code 363(f)(2) or (4) free and clear of the following liens and interests, with those liens and interests reattaching to the proceeds of sale to the same extent, validity and priority as they attached to the Property prior to the sale.

**Pender Capital's Proposed Amendment and Objection**:

Pender Capital requests that the phrase underlined below be added to the Proposed Order.

The Trustee is authorized to sell the Property under Bankruptcy Code 363(f)(2) or (4) free and clear of the following liens and interests, with those liens and interests reattaching to the proceeds of sale to the same extent, validity and priority as they attached to the Property prior to the sale, <u>with such proceeds to be held pending further order of the Court or stipulation to release by the Trustee, Pender Capital, and the Department of Labor</u>.

Case: 21-30202    Doc# 202    Filed: 03/23/22    Entered: 03/23/22 17:38:06    Page 2 of 5

This additional language is standard in bankruptcy court orders authorizing the sale of property free and clear of liens pursuant to Bankruptcy Code Section 363(f). It is necessary and appropriate to adequately protect the secured creditors' interests in the sale proceeds as required by Bankruptcy Code Section 363(e) and Pender understood the Court's ruling at the hearing to provide that the sale proceeds would be held pending further order of the Court, which may be entered pursuant to a stipulation by the Trustee, the Department of Labor and Pender if they are able to resolve their disputes noting that the Settlement Conference remains ongoing. Simply attaching the lenders' liens to the net sale proceeds is not sufficient. The Court's order should adequately protect the secured creditors' interests by conditioning any disbursement of the funds on a further order of the Court.

**Proposed Order Paragraph 15 states:** "Pending further order of the Court, the Trustee is authorized to receive from escrow the Buyer's $300,000 deposit."

**Pender Capital's Proposed Amendment and Objection**:

Pender Capital requests that paragraph 15 be modified to state:

"The Trustee is authorized to receive from escrow the Buyer's non-refundable $300,000 deposit, which shall be retained by the Estate in the event that the Buyer fails to close the sale of the Property by December 30, 2022 and shall only be returned to the Buyer upon entry of an order of the Court declaring a material breach of the Sale Agreement by Trustee."

Pender Capital submits that these terms were an important consideration in the Court's ruling and were based upon the representations of the Trustee's Counsel. No contract documents stating these terms have been filed by the Trustee before the hearing or otherwise and none were provided in the meet and confer process regarding the proposed order. Therefore, it is appropriate to clarify these terms in the Order so that all of the parties are moving forward with a clear understanding and to avoid the potential for unnecessary disputes if the Buyer should fail to close by December 30, 2022. To the extent the Buyer's commitment is to be verified, given that the

//

//

Buyer did not attend the hearing, the Court suggested at the hearing having the Buyer sign off on the Order with these terms, which would be an appropriate resolution.

Dated: March 23, 2022

FELDERSTEIN FITZGERALD WILLOUGHBY PASCUZZI & RIOS LLP

By: */s/ Jason E. Rios*
Jason E. Rios
Attorneys for Pender Capital Asset Based Lending Fund I, LP

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

       /s/ Susan R. Darms

Susan R. Darms